IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CHRISTIAN J. MATA, *Plaintiff*, v. AMAZON, *Defendant*. | NO. 3:24-CV-50205 HON. IAIN D. JOHNSTON |

**MEMORANDUM OPINION AND ORDER**

This order addresses three motions in this case. The plaintiff's motions to remand and to strike are denied, and Amazon's motion to dismiss is granted.

*1. Motion to Remand*

The plaintiff's motion to remand is denied. It sets forth three intelligible grounds of opposition to removal: (1) that diversity jurisdiction does not exist; (2) that the action is nonremovable under 28 U.S.C. § 1445; and (3) that Amazon has waived its right to remove by agreeing to a forum-selection clause. *See* Dkt. 9 at 1-5.

The first argument fails because Amazon's notice of removal supports the existence of diversity jurisdiction, Dkt. 2 at 1-3, and the plaintiff has offered nothing that casts this into doubt.

The second argument fails because there is no evidence that this action falls under any of the categories of cases that §1445 makes nonremovable. The cause-of-action-based prohibitions are nonstarters. The plaintiff's complaint alleges—and his motion to remand reiterates—three theories of liability under Illinois law supporting his

1

claim. *See* Dkt. 2 Ex. 1 at 5-13; Dkt. 9 at 4. None of them plausibly "aris[e] under the workmen's compensation laws" of Illinois or section 40302 of VAWA. 28 U.S.C. § 1445(c), (d). The party-based prohibitions are likewise unavailing—nothing in the record suggests that Amazon falls under either §1445(a) or (b) as a "railroad", "carrier", or a "receiver[] or trustee[]" thereof.

The third argument fails as well. It alleges the existence of a forum-selection clause between the plaintiff and Amazon specifying that any suits between them must be brought in the "state and federal courts located in King County, Washington." Dkt. 9 at 4-5. But even if this clause is applicable to this case, it was the *plaintiff* who filed suit in Illinois' courts; he cannot now be heard to complain that venue is not proper. *See J.P. Morgan Chase Bank, N.A. v. McDonald*, 760 F.3d 646, 651 (7th Cir. 2014) ("[A] forum-selection clause can be invoked by a contracting party when that party itself has been hauled into the wrong court. *The defendant in such cases* can move the court to dismiss or transfer the action to the appropriate venue.") (emphasis added). And at any rate, Mata's requested remand would not cure the allegedly improper venue.

*2. Motion to Strike*

As for the plaintiff's motion to strike, its only discernible argument appears to be a rehash of his contestation of venue, *see* Dkt. 13 at 5, which has already been addressed, so it is likewise denied.

*3. Motion to Dismiss*

As for Amazon's motion to dismiss, it is granted. The plaintiff's complaint is, "in short", "a mess." *Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005). To the extent that it can be understood, however, counts I and II restate a claim against Amazon—previously dismissed with prejudice in another suit—related to its failure to properly accommodate an unspecified disability. *Compare* Dkt. 2 Ex. 1 at 5-14 *with Mata v. Amazon*, 3:24-CV-50049 (N.D. Ill. Mar. 22, 2024), Dkt. 21 (dismissing claim with prejudice). *Res judicata* therefore bars them. *See Taylor v. Sturgell*, 553 U.S. 880, 891-92 (2008).

Count III—which is brought under the Illinois Assistive Technology Warranty Act, 815 ILCS 301/1—contains factual allegations related to a failure to provide insurance.[1] These allegations were contained in the complaint in one of the plaintiff's previous cases. Because that complaint was dismissed for its repeated failure to state a claim, *Mata v. Amazon.com Services, LLC*, 3:23-CV-50300 (N.D. Ill. Sep. 9, 2023), Dkt. 9, (though explicitly without prejudice, making *res judicata* inapplicable) the Court finds that any attempt at amendment would be futile, and Count III is therefore now dismissed with prejudice. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015).

\* \* \*

The claims embraced by plaintiff's complaint are dismissed. This case is terminated.

Date: August 29, 2024

                                                                                HONORABLE IAIN D. JOHNSTON
                                                                                *United States District Judge*

---

[1] To the extent that Dkt. 14 should be construed as an attempt to amend the plaintiff's complaint, it seemingly restates argument related to this count, but does not disturb the conclusion that it fails to state a claim and amendment would be futile.